UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE BROWN, | ) |
| | ) |
| Plaintiff, | )   Case No. 09-CV-1121 (AK) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S PARTIAL OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE TRIAL**

**COMES NOW** Plaintiff, Yvonne Brown, by and through the undersigned counsel, and partially opposes Defendant District of Columbia's ("D.C." or "District") Motion to Continue the forthcoming trial.  Defendant has repeatedly postponed mediations and now seeks, not only to continue the immediate trial date, but also to start the litigation of the case anew – which would cause substantial prejudice to Plaintiff.

The record, as stated below, is quite significant relative to the District's knowledge and history of this case and obviates the need for further discovery and liability-based depositions. It is noteworthy that the D.C. Department of Corrections ("DCDC"), Office of Special Investigations ("OSI"), conducted an extensive investigation of Ms. Brown's charges and based thereupon, issued a comprehensive Report and Decision regarding the case in 2003.  Pursuant to that investigation DCDC conducted an extensive and transcribed interrogation of Ms. Brown dated March 4, 2002 (66 pages) and July 16, 2002 (35 pages) respectively.[1]  It is also noteworthy that the United States Department of Justice, Civil Rights Division also investigated the immediate matter and sought to mediate the case prior to the issuance of a right to sue letter.  At

---

[1] In April 2003, that same office prepared an Extensive Report of Investigation with exhibits related to Ms. Brown's complaints against Mr. Johnson.

the earlier mediation, the parties discussed liability, compensatory damages, and back pay albeit that the mediation was unsuccessful. The immediate case was then filed on June 18, 2009 and trial was scheduled on February 24, 2010.

Albeit that the District captions its filing as a Motion to Continue the Trial, a certain misnomer, it subtlety moves this court, based upon its admitted misjudgment of the record, to significantly postpone trial (no new trial date is given), develop an entirely new scheduling order, conduct further discovery and then allow it even more time to file dispositive motions. Plaintiff would agree to a very brief continuance of the trial for the limited purpose of further assessing Plaintiff's economic damages and reviewing updated medical records.

The District has previously conducted an IME ("Independent Medical Exam"), albeit dated, and should not enjoy an opportunity to do a further IME given its own previous determinations that Plaintiff was determined to be disabled. Similarly, the District has in its possession all of Plaintiff's financial income history which Counsel was reportedly reviewing as per its stated reasons for multiple continuances of scheduled mediations. Hence, Plaintiff is not opposed to a very prescribed and limited discovery opportunity to include reciprocal identification and deposition of economic experts, supplementation of medical records, and an opportunity to depose Plaintiff's treating doctor(s).

In sum, Plaintiff urges upon this court that it not allow the District to start anew four (4) weeks before trial on an obviously newly developed defense strategy. To the extent that it grants the District's motion, Plaintiff urges the court not to further prolong the agony of this litigation by allowing the District to conduct additional fact discovery and to file a dispositive motion. If the District had not, by its own misjudgment, filed a dispositive motion a month before trial, it should not be allowed to do so now to Plaintiff's substantial prejudice. Said 11th hour tactics

would surely prolong the trial well into 2010, if not 2011 and set a dangerous precedent for future litigation.

     Plaintiff recognizes the District's concerns and has attempted to be reasonable and fair in response thereto. However, these matters also affect Plaintiff and her desire to resolve the issues in this highly sensitive case and its resolution would help Plaintiff to go forward with her life. Therefore, Plaintiff urges this court, if at all, to: (1) re-schedule a new trial date in August or September, 2010; and (2) require any and all further discovery to be limited and completed by July 31, 2010, including the identification and deposition of all expert witnesses and medical doctors and the supplementation of Plaintiff's medical record.[2] Trial should be scheduled 30-45 days after the conclusion of this extended discovery period. A 60-90 day continuance with the above stated parameters would obviate any purported prejudice claimed by the District and give the court an appropriate record in which to fairly and more completely ascertain liability and economic damages.

                Respectfully submitted,

                _____/s/_____
                Donald M. Temple, Esq.
                1229 15th Street, N.W.
                Washington, D.C. 20005
                202-628-1101 Office
                202-628-1149 Fax
                dtemplelaw@gmail.com

---

[2] Plaintiff's medical history is not new to the District as Plaintiff was involved in a prior sexual harassment case against the Department of Corrections – and Defendant previously conducted an IME in 2003.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of June, 2010, a copy of the foregoing Plaintiff's Partial Opposition to Defendant's Motion to Continue Trial was served electronically to:

David A. Jackson
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6 South
Washington, D.C. 20001

                                                                               /s/
                                            Donald M. Temple, Esq.